**This order is SIGNED.**

**Dated: October 7, 2022**



KEVIN R. ANDERSON
U.S. Bankruptcy Judge

kw

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| In re:<br><br>MIGUEL A. MALDONADO and<br>MARIA MALDONADO,<br><br>Debtors. | Bankruptcy Number: 16-23099<br><br>Chapter 13<br><br>Hon. Kevin R. Anderson |
|---|---|

**MEMORANDUM DECISION DENYING DEBTORS'
MOTION TO REOPEN THEIR BANKRUPTCY CASE**

    More than six years after filing their Chapter 13 case, and more than a year after completing their plan and receiving a discharge, the Debtors seek to reopen their case to administer an undisclosed cause of action that arose after confirmation of their plan but before its completion and entry of discharge. Because the Bankruptcy Code prohibits both a plan modification after completion of the plan and a modification that extends a plan beyond five years, the Court must deny the Debtors' motion.

I.      FACTS

1.      On April 14, 2016, the Debtors filed a Chapter 13 bankruptcy petition.

2.      The Debtors' first plan payment came due at their First Meeting of Creditors held on May 27, 2016.[1]

3.      On October 3, 2016, the Court confirmed the Debtors' Chapter 13 plan.[2]

4.      In March 2019, Debtor Miguel Maldonado was involved in an auto accident resulting in personal injuries.[3]

5.      The Debtors did not amend their bankruptcy papers to disclose the cause of action arising from the auto accident.

6.      On December 1, 2020, the Debtors completed their Chapter 13 plan, resulting in a plan term of fifty-six monthly payments that paid in full all allowed secured and priority claims and made a *pro rata* distribution of $1,995 to unsecured creditors.[4]

7.      On January 25, 2021, the Court entered its order granting the Debtors' discharge of debts under 11 U.S.C. § 1328.[5]

8.      On February 24, 2021, the Court closed the Debtors' Chapter 13 case.[6]

9.      In January 2022, Debtor Miguel Maldonado filed a complaint against Michael S. McLaughlin and Metro Security Inc. (collectively the "Defendants") in the Utah state court (Civil

---

[1] See 11 U.S.C. § 1326(a)(1) and Local Bankruptcy Rule 2083-1(c) (providing that the first plan payment must be made no later than the First Meeting of Creditors held under 11 U.S.C. § 341).
[2] Order Confirming Debtors' Chapter 13 Plan, ECF No. 39.
[3] Declaration of Miguel Maldonado in Support of Motion to Reopen Case, ECF No. 65 at ¶ 8.
[4] Trustee's Final Report and Account, ECF No. 53.
[5] ECF No. 55.
[6] ECF No. 57.

No. 2210900443), seeking monetary relief for injuries resulting from the 2019 auto accident (the "Lawsuit").[7]

10. On August 31, 2022, the Debtors filed an *ex parte* motion to reopen their Chapter 13 case.[8] The Court *sua sponte* set the motion for a hearing on September 26, 2022.[9]

11. The Defendants filed an objection to the motion to reopen, and later filed a request to file a sur-reply along with the sur-reply.[10]

12. The Debtors filed a brief in support of reopening their case and asserted that the Defendants' standing to object to the motion to reopen

13. At the hearing, the Court heard arguments from the parties as to the standing issue and the motion to reopen and then took the matter under advisement.

## II. ANALYSIS

A bankruptcy court may reopen a closed case "to administer assets, to accord relief to the debtor, or for some other reason."[11] "The decision to reopen a bankruptcy case is within the broad discretion of the bankruptcy court,"[12] and it does not require an evidentiary hearing.[13] A motion to reopen presents a narrow range of issues, and should only be granted when the moving party carries its burden to "demonstrate[] a compelling reason to do so."[14] Indeed, the Tenth Circuit has said:

---

[7] ECF No. 66 at pg. 2.

[8] ECF No. 58.

[9] ECF No. 60.

[10] ECF Nos. 70 and 71.

[11] 11 U.S.C. § 350(b).

[12] *Redmond v. Fifth Third Bank*, 624 F.3d 793, 798 (7th Cir. 2010) (citing to *In re Bianucci*, 4 F.3d 526, 528 (7th Cir. 1993)).

[13] *Id*. at 798-99 ("As a matter of law, there is no question that bankruptcy courts may rule on motions to reopen without a hearing.").

[14] *In re Soldier Summit Rec. & Dev. Co., L.L.C.*, No. 02-29452, 2014 Bankr. LEXIS 104, at *5, 2014 WL 98701 at *2 (Bankr. D. Utah Jan. 10, 2014).

[A] case should not be reopened "to relieve a party of the consequences of his own mistake or ignorance." . . . Nor is good cause established by mere inattention or neglect. . . . It is well established, therefore, that discretion should be exercised only where a compelling reason for opening the case is demonstrated. . . .[15]

A. **Because the Debtors Completed Their Chapter 13 Plan and Received a Discharge, and Because Their Plan Cannot Extend Beyond Five Years, It Would Serve No Appropriate Purpose to Reopen Their Bankruptcy Case.**

The Debtors are seeking to reopen their bankruptcy case so that any proceeds realized from the Lawsuit can be administered by the Chapter 13 trustee and distributed to creditors pursuant to their confirmed bankruptcy plan. Debtor's counsel explained that the implementation of this proposal includes the following: (1) the Debtors will amend their bankruptcy papers to list the Lawsuit as an asset of the bankruptcy estate under 11 U.S.C. § 1306(a)(1);[16] (2) the Debtors will seek to amend their plan to both extend its term beyond five years and to increase the distributions to unsecured creditors; (3) the Debtors will seek state court permission for the Chapter 13 trustee to prosecute the Lawsuit; and (4) the Debtors will waive their exemption in the Lawsuit proceeds to effectuate their payment to creditors.[17] This is arguably an admirable offer by the Debtors to reopen their case to make additional payments to creditors, but the status and timing of their completed, discharged, and closed bankruptcy case makes this proposal a legal impossibility.

    1. <u>Under §§ 1322(d)(2)(C) and 1329(c), the Debtors' Plan Cannot be Extended Beyond Five Years From the Date of their First Plan Payment.</u>

Section 1322(d)(2)(C) of the Bankruptcy Code provides that "the court may not approve a [plan] period that is longer than 5 years." Further, when a debtor seeks to modify a Chapter 13 plan, 11 U.S.C. § 1329(c) states in relevant part:

---

[15] *Williams v. Lemons*, No. 92-4015, 1992 U.S. App. LEXIS 26260, at *5, 1992 WL 279885 at *2 (10th Cir. Oct. 8, 1992) (quoting *V.I. Bureau of Internal Revenue v. St. Croix Hotel Corp.*, 60 B.R. 412, 414 (D.V.I. 1986)).

[16] This section augments the Chapter 13 bankruptcy estate to include any legal or equitable interest in property "that the debtor acquires after the commencement of the case but before the case is closed . . . ."

[17] *See* Utah Code § 78B-5-505(1)(a)(x) (exempting compensatory proceeds resulting from bodily injury).

> A plan modified under this section may not provide for payments over a period that expires after the applicable commitment period [of three or five years][18] . . . after the time that the first payment under the original confirmed plan was due, unless the court, for cause, approves a longer period, **but the court may not approve a period that expires after five years after such time**.[19]

Under 11 U.S.C. § 1326(a)(1) and Local Bankruptcy Rule 2083-1, a Chapter 13 debtor must make the first plan payment at the Meeting of Creditors held three to six weeks after the bankruptcy filing. In this case, the Debtors filed their case on April 14, 2016, and their Meeting of Creditors was held on May 27, 2016. Therefore, under §§ 1322 and 1329, the Debtors' plan could not extend beyond May 27, 2021, which is five years from their first plan payment. In this case, the Debtors completed their plan in December 2020, which is within the five-year period; but they filed their motion to reopen to modify their plan in August 2021, which is outside the five-year period. Therefore, even if the Court reopened their bankruptcy case, the Debtors could not seek a modification of their plan because it is now beyond the five-year limitation of §§ 1322 and 1329.

The Debtors argue that the Court can extend the plan term beyond five years because it would be in the best interest of the Debtors and creditors. However, the Tenth Circuit has specifically considered and rejected similar arguments. In *Kinney v. HSBC Bank USA, N.A. (In re Kinney)*, 5 F. 4th 1136, 1140 (2021), the debtor had missed two mortgage payments under her Chapter 13 plan. After the five-year plan term had ended, the debtor cured the payments and sought a discharge. Because the two cure payments were made outside the five-year period, the bankruptcy court denied the debtor's discharge. While it was a harsh outcome to deny the debtor a discharge based on two missed but belatedly cured mortgage payments, and while it would have been in the debtor's best interest to extend the plan term beyond five years to include the cure

---

[18] Based on a debtor's income level, and unless it is a 100% plan, Chapter 13 plans can run no less than three years and no more than five years. *See* 11 U.S.C. § 1325(b)(4).

[19] 11 U.S.C. § 1329(c) (emphasis added).

payments, the Tenth Circuit nonetheless held that "Congress intended to strictly limit [to five years] the time for payments under Chapter 13 plans."[20] Further, *Kinney* states that the Chapter 13 statute does not allow a debtor to make additional plan payments "after the plan had already ended."[21] Therefore, under controlling Tenth Circuit case law, the Court has no power to extend the Debtors' plan term beyond the five-year period ending May 27, 2021.

The Debtors also request the Court to extend the plan term to seven years, as permitted by a 2020 amendment to § 1329 that allowed a debtor financially impacted by the coronavirus epidemic to increase the maximum plan term from five years to seven years.[22] However, even if this 2020 amendment was applicable to the Debtors' situation, it was automatically repealed on March 27, 2022 (two years from its effective date). Therefore, an option to extend the plan to seven years is no longer available.[23]

Further, because the Debtors completed the payments under their Chapter 13 plan in December 2019,[24] the plan can no longer be modified pursuant to the express terms of § 1329(a):

---

[20] *Id*. at 1147.

[21] *Id*. at 1145.

[22] The Coronavirus Aid, Relief, and Economic Security Act, Pub. L. 116-136, enacted on March 27, 2020, added the following subsection to § 1329:

> (d)(1) Subject to paragraph (3), for a plan confirmed prior to the date of enactment of the COVID-19 Bankruptcy Relief Extension Act of 2021 [March 27, 2020], the plan may be modified upon the request of the debtor if —
>
>> (A) the debtor is experiencing or has experienced a material financial hardship due, directly or indirectly, to the coronavirus disease 2019 (COVID-19) pandemic; and
>>
>> (B) the modification is approved after notice and a hearing.
>
> (2) A plan modified under paragraph (1) may not provide for payments over a period that expires more than 7 years after the time that the first payment under the original confirmed plan was due.
>
> (3) Sections 1322(a), 1322(b), 1323(c), and the requirements of section 1325(a) shall apply to any modification under paragraph (1).

[23] See *In re Mercer*, 640 B.R. 577 (Bankr. D. Colo. 2022) (holding that after the repeal of 11 U.S.C. § 1329(d), the court cannot grant a request to extend a Chapter 13 plan beyond five years).

[24] ECF No. 53, Trustee's Final Report and Account.

> At any time after confirmation of the plan **but before the completion of payments under such plan**, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to—
>
> (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan; [or]
>
> (2) extend or reduce the time for such payments;[25]

In summary, § 1329(a) precludes the Debtors from seeking to modify their completed Chapter 13 plan. Further, even if the plan could be modified, § 1322(d)(2)(C) and § 1329(c) prohibits the Court from extending the efficacy of the Debtors' plan beyond May 27, 2021, which is five years after their first plan payment. As a result, even if the Court reopened their bankruptcy case, it could not afford the Debtors relief by modifying their plan to provide for the distribution of the Lawsuit proceeds. This leads the Court to conclude that reopening the bankruptcy case would be futile and inconsistent with 11 U.S.C. § 350(b) because it cannot result in the administration of assets or to accord appropriate relief to the debtor.

Denying a motion to reopen due to futility of relief is consistent with cases involving similar fact patterns. In *In re D'Antignac*, 05-10620, 2013 Bankr. LEXIS 621, at *2–3, 2013 WL 1084214, at *1 (Bankr S.D. Ga. Feb. 19, 2013), the debtor was in a confirmed Chapter 13 plan. Three months before the completion of her plan, the debtor filed an employment discrimination action in the federal court for a cause of action that arose three years after confirmation of her plan. The debtor thereafter completed her plan, received a discharge, and the court closed her bankruptcy case. Seven years after her first plan payment, the debtor filed a motion to reopen her case to disclose the lawsuit. The motion to reopen was precipitated by the defendant's motion for summary judgment asserting judicial estoppel based on the debtor's nondisclosure of the lawsuit in her

---

[25] 11 U.S.C. § 1329(a) (emphasis added).

Chapter 13 case. The bankruptcy court denied the debtor's motion to reopen as being "pointless" because (1) the plan could not be modified beyond five years under §§ 1322 and 1329, and (2) because the timing and amount of any recovery from the lawsuit was too speculative:

> This is not a proposal to extend an existing case for a few months to let Debtor complete her payments. Rather, this is a proposal to open a closed case, to appoint a chapter 13 trustee, and to liquidate a previously undisclosed asset. At this point, it is unknown if and when there will be any proceeds from this cause of action to distribute. For these reasons, I find Debtor cannot reopen her bankruptcy case to administer assets.[26]

Because the Bankruptcy Code does not allow the Debtors to modify their completed Chapter 13 plan to provide for the Lawsuit proceeds, reopening their case would not accord them such relief, and thus reopening would serve no purpose.

### B.    Under the Facts of this Case, Reopening the Bankruptcy Case for the Limited Purpose of Listing the Previously Undisclosed Lawsuit is Not an Appropriate Basis Under § 350.

The Court has found that the Debtors cannot modify their plan to distribute the Lawsuit proceeds. Thus, the only other purpose in reopening the bankruptcy case would be for the Debtors to amend their bankruptcy schedules to disclose the Lawsuit to avoid whatever legal consequences

---

[26] *Id*. at *18; *accord Chanute Prod. Credit Ass'n v. Schicke (In re Schicke)*, 290 B.R. 792 (B.A.P. 10th Cir. 2003) (affirming denial of motion to reopen because relief could not be afforded to creditor because deadline to file § 523 action had passed); *In re Draper*, No. 01-36679, 2007 Bankr. LEXIS 3503, 2007 WL 2932766 (Bankr. D. Utah Feb. 9, 2007) (denying motion to reopen because relief sought by debtors to strip a consensual lien was not legally possible); *In re Eastep*, 562 B.R. 783 (Bankr. W.D. Okla. 2017) (denying motion to reopen because debt could not be reaffirmed after entry of discharge); *In re Marshall*, 302 B.R. 711, 720 (Bankr. D. Kan. 2003) (motion to reopen denied because allowing debtor to disclose unscheduled debt would not change its character as a nondischargeable debt); *In re Webb*, No. 3:10-bk-7437-PMG, 2018 Bankr. LEXIS 4295, 2018 WL 11206026 (Bankr. M.D. Fla. Mar. 2, 2018) (declining to reopen Chapter 13 case to include products liability claim because it had been more than five years, the debtor completed the plan and received discharge, and the time to revoke discharge had likewise expired); and *In re Cibelli*, No. 09-44778, 2016 Bankr. LEXIS 1933 (Bankr. D.N.J. May 3, 2016) (finding that while debtor had a duty to disclose personal injury action that arose during Chapter 13 case, the court could still not reopen the bankruptcy case because it was beyond the five-year limit of § 1322(d)).

may flow from its prior nondisclosure. But the Court finds that reopening for this limited purpose is not an appropriate exercise of its discretion.

First, it is statutorily impossible for the Lawsuit to be administered in this bankruptcy case for the benefit of creditors. The *quid pro quo* of Chapter 13 is that in exchange for a full disclosure of all assets, coupled with a debtor's contribution of all disposable income for three to five years, the debtor receives a discharge of debt. At this point, the Debtors have already received the *quid* of the bankruptcy discharge, but creditors cannot receive the *quo* of the Lawsuit proceeds. In other words, reopening the bankruptcy case to disclose the Lawsuit may accord the Debtors relief from the Defendants' judicial estoppel argument,[27] but creditors receive no benefit from reopening the case or the disclosure of the Lawsuit. "If the reopening will have no effect on the estate or creditors, and no further administration would be necessary, then the motion to reopen should be denied."[28]

Second, the case law suggests that reopening a bankruptcy case to list a previously undisclosed asset to avoid a judicial estoppel defense is problematic. As noted in *D'Antignac*:

> [T]he relief requested in this case is to amend the plan to disclose a potential asset for distribution to Debtor's creditors. The relief requested by Debtor is to administer the possible asset, and to defeat John Deere's judicial estoppel argument. As previously discussed, the bankruptcy cannot be reopened at this point to administer an asset. Furthermore, this bankruptcy court is not the appropriate forum to determine the judicial estoppel argument. As such, the motion to reopen cannot be granted to accord Debtor relief.[29]

---

[27] Reopening a Chapter 13 case to disclose a lawsuit may not inoculate a debtor from the existential effect of judicial estoppel. *See De Leon v. Comcar Indus., Inc.*, 321 F.3d 1289, 1292 (11th Cir. 2003) (holding that judicial estoppel applied in Chapter 13 notwithstanding debtor's efforts to reopen bankruptcy case to disclose lawsuit) and *Cole v. Convergys Customer Mgmt. Grp.*, No. 12-2404-SAC, 2013 U.S. Dist. LEXIS 69466, *12 n.1 (D. Kan. May 16, 2013) (ruling that reopening the bankruptcy case would not undo the application of judicial estoppel arising from the debtor's nondisclosure of an employment discrimination action).

[28] *In re Ingram*, 531 B.R. 121, 123 (Bankr. D.S.C. 2015) (citing *Apex Oil Co. v. Sparks (In re Apex Oil Co.)*, 406 F.3d 538, 543 (8th Cir. 2005)).

[29] 2013 Bankr. LEXIS 621 at *19.

Also, as noted above, the Tenth Circuit has held that notwithstanding the discretion granted in § 350(b), a bankruptcy case should not be reopened "to relieve a party of the consequences of his own mistake or ignorance" or from "mere inattention or neglect."[30]

For these reasons, the Court finds that it is not an appropriate exercise of its discretion under 11 U.S.C. § 350(b) to reopen the Debtors' bankruptcy case for the sole purpose of listing the previously undisclosed Lawsuit.

### C. Defendants' Standing to Object.

The Debtors objected to Defendants' standing to be heard on the motion to reopen. The Debtors assert that the Defendants are not parties in interest to the bankruptcy case because they do not hold claims against the Debtors.[31] Defendants do not dispute this, and the Court agrees that for this reason they do not have standing to object to the motion to reopen. Therefore, the Court will not consider the Defendants' objections,[32] and it will deny the Defendants' request to file a sur-reply. However, even in the absence of an objection, the Court has an independent duty to determine if the requested relief is appropriate and permissible under the applicable law.[33] Indeed, the Debtors initially filed this as an *ex parte* motion to reopen,[34] and it was the Court that *sua sponte* set the motion for a hearing because of concerns regarding the issues discussed above.[35]

---

[30] *Williams v. Lemons*, No. 92-4015, 1992 U.S. App. LEXIS 26260, at *5 (10th Cir. Oct. 8, 1992) (quoting *V.I. Bureau of Internal Revenue v. St. Croix Hotel Corp.*, 60 B.R. 412, 414 (D.V.I. 1986)).

[31] *See In re Riazuddin*, 363 B.R. 177, 182–83 (B.A.P. 10th Cir. 2007) (citing *Nintendo Co. v. Patten (In re Alpex Comput. Corp.)*, 71 F.3d 353 (10th Cir. 1995)) (ruling that defendant in tort action did not have standing to object to debtors' motion to reopen because it was not a creditor in the bankruptcy case).

[32] The Defendants filed an Opposition to the Debtors' Motion to Reopen. See ECF No. 61. In addition, the Defendants filed a Motion requesting that the Court permit the filing of a sur-reply. See ECF No. 70.

[33] *See In re Eastep*, 562 B.R. 783, 786-87 (Bankr. W.D. Okla. 2017) (holding that even in the absence of an objection to a motion to reopen, the bankruptcy court is obligated to determine if granting the motion is appropriate under applicable law).

[34] ECF No. 58.

[35] ECF No. 60.

### III. Conclusion

Because the motion to reopen was filed more than five years after the first Chapter 13 plan payment, and because the Debtors completed their plan and received a discharge, it is not legally possible under §§ 1322(d)(2)(C) and 1329(c) for them to administer the Lawsuit through their Chapter 13 plan. Due to the impossibility of according the Debtors such relief, the Court finds that it is inappropriate to reopen this case under § 350(b) for the sole purpose of disclosing the Lawsuit in response to the Defendants' state court motion for summary judgment for judicial estoppel. Therefore, the Court denies the Debtors' motion to reopen. In addition, the Court denies the Debtors' request to defer the fee to reopen and instead will waive the reopening fee under the particular circumstances of this case. The Court will enter an order consistent with this Decision.

———ooo0ooo———

**DESIGNATION OF PARTIES TO RECEIVE NOTICE**

Service of the foregoing **MEMORANDUM DECISION DENYING DEBTORS' MOTION TO REOPEN THEIR BANKRUPTCY CASE** shall be served to the parties and in the manner designated below.

**By Electronic Service:** I certify that the parties of record in this case as identified below, are registered CM/ECF users:

- Scott T. Blotter scott@rulontburton.com, justin@rulontburton.com;sblotterlaw@gmail.com;tim@rulontburton.com
- Justin O. Burton justin@rulontburton.com, jeannie@rulontburton.com
- Tom Cook tom@hwmlawfirm.com
- Rick N. Haderlie rhaderlie@dewhirstdolven.com
- George B. Hofmann ghofmann@ck.law, mparks@ck.law
- Lon Jenkins tr ecfmail@ch13ut.org, lneebling@ch13ut.org
- Mark S. Middlemas LundbergECFmail@Lundbergfirm.com, ecfmaildistgroup@lundbergfirm.com
- United States Trustee USTPRegion19.SK.ECF@usdoj.gov

**By U.S. Mail:** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

None.